Tedford's Tenancy, LLC v City of New York (2025 NY Slip Op 03152)

Tedford's Tenancy, LLC v City of New York

2025 NY Slip Op 03152

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 154082/22|Appeal No. 4418|Case No. 2024-00601|

[*1]Tedford's Tenancy, LLC, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.

Anderson Law, PLLC, New York (Gregory A. Byrnes of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for City of New York, New York City Department of Environmental Protection, New York City Housing Preservation Department, New York City Department of Buildings, Preston Niblack and New York City Department of Finance, respondents.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for State of New York, New York State Division of Housing and Community Renewal and RuthAnne Visnauskas, respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered November 15, 2023, which, to the extent appealed from, granted defendants' motions to dismiss the complaint pursuant to CPLR(a)(2) and (7), unanimously affirmed, with costs.
Generally, "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue" (Williamson County Regional Planning Commission v Hamilton Bank of Johnson City, 473 US 172, 186 [1985], overruled on other grounds Knick v Township of Scott, 588 US 180, 187-188 [2019]; see also Matter of Gordon v Rush, 100 NY2d 236, 242 [2003]). Courts have held that as-applied regulatory takings challenges to the Rent Stabilization Law (RSL) are not yet ripe where the landlord failed to apply for a hardship exemption allowing it to charge rents above the ordinary regulated rates (see 74 Pinehurst LLC v New York, 59 F4th 557, 565 [2d Cir 2023], cert denied — US —, 218 L Ed 2d 66 [2024]).
Here, plaintiff argues that it did not pursue a hardship exemption because to do so was futile, overly burdensome, and would offer de minimis relief. However, this argument fails for an as-applied takings claim when the landlord has not personally experienced repetitive or unfair procedures (see Yee v City of Escondido, 503 US 519, 528 [1992]). "[A] claim that a regulation effects an as-applied taking cannot be properly adjudicated until there is no question . . . about how the regulations at issue apply to the particular [property] in question" (74 Pinehurst LLC v New York, 59 F4th 557, 565 [internal quotations marks omitted]). Thus, plaintiff's takings claim is not yet ripe (see Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518 [1986], cert denied 479 US 985 [1986]).
In any event, the court also properly determined that plaintiff failed to state a claim for any regulatory taking. The complaint does not allege facts to demonstrate that the RSL has deprived plaintiff of "alleconomically beneficial uses" of its property to sufficiently allege a categorical regulatory taking, as plaintiff still receives regulated residential and unregulated commercial rent, and it retains a reversionary interest in the property (see Rent Stabilization Assn. of N.Y. City v Higgins, 83 NY2d 156, 173-174 [1993] [internal quotation marks omitted], cert denied 512 US 1213 [1994]).
Nor does plaintiff allege sufficient facts to assert a claim for a non-categorical regulatory taking (see Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 357 [2005], citing Penn Cent. Transp. Co. v City of New York, 438 US 104 [1978]). Even though the property was purchased by the family of one of plaintiff's members in 1940, prior to the enactment of the RSL, plaintiff acquired the property in 2006, years after it became subject to the RSL. There is no allegation [*2]that plaintiff was unaware that the property was subject to the RSL so as to violate plaintiff's investment-backed expectations. Finally, the RSL does not have the character of a taking because it is a regulatory regime that advances "broad public interests" and does not approximate a physical invasion of property (see Community Housing Improvement Program v City of New York, 59 F4th 540, 555 [2d Cir 2023], 144 S Ct 264 [2023]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025